14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Betty L. WHITFIELD, Plaintiff-Appellant,
v.
EARPHONICS, INCORPORATED, Defendant-Appellee.
 No. 93-1307.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 Before MERRITT, Chief Judge; NELSON AND BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Betty L. Whitfield, a pro se Michigan plaintiff, appeals a district court judgment dismissing her employment discrimination suit filed under Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Whitfield, an African-American woman, alleged that the defendant discriminated against her on the basis of religion, sex, age, race and national origin when it failed to invite her to a second interview for a position as a sales trainee. In its motion for summary judgment, the defendant contended that Whitfield was not given further consideration for the retail sales position because her resume indicated that she was unavailable to attend the first day of a required training program on October 29, 1990.
 
 
 3
 Plaintiff has the initial burden of making out a prima facie showing of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Whitfield must show that she was a member of a protected class, that she was not selected for the position, that she was qualified for the position, and that a person outside the protected class was selected. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992). If she is successful, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. In order to prevail, Whitfield must then show that this reason is a pretext. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2749 (1993).
 
 
 4
 While the district court noted that it "would likely find that the plaintiff has not established a prima facie case of discrimination," it declined to so hold. Instead, the court found that the defendant's reason for not offering Whitfield a second interview was legitimate and non-discriminatory and that the evidence, taken as a whole and in the light most favorable to plaintiff, could not sustain a finding that defendant's reason was pretextual.
 
 
 5
 On appeal, plaintiff complains that the district court granted summary judgment while the Magistrate Judge's order to compel responses to her interrogatories was outstanding, but she does not offer a valid basis for reversal in her appellate papers. She did not indicate to the district court, and she does not indicate here, how the information sought would help her win her case. Instead, she focuses on alleged statements made by defendants that they would prefer to settle rather than invest time responding to the interrogatories. She claims that the grant of summary judgment interrupted this "settlement negotiation" and asks this Court to give her a fair settlement. This assignment of error--that settlement negotiations were interrupted--is not a valid basis for reversal, and the Court is without power to impose a settlement on the parties as plaintiff requests.
 
 
 6
 Accordingly, the district court's judgment is affirmed.